IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**BANK OF AMERICA, N.A.**, a national
banking association,

    Plaintiff,

vs                             Case No:

**DINO EXPEDITION, LLC**, a Michigan
limited liability company, **WASSIM
ISSA**, an individual **AMERICAN EXPRESS
NATIONAL BANK**, a national bank,
and the **U.S. SMALL BUSINESS
ADMINISTRATION**, jointly and severally,

    Defendants.

---

Peter D. Cronk (P60172)
Matthew J. Boettcher (P40929)
Attorneys for Bank of America, N.A.
PLUNKETT COONEY
101 N. Washington Square, Ste 1200
Lansing, Michigan 48933
517.324.5611
pcronk@plunkettcooney.com

---

**PLAINTIFF BANK OF AMERICA, N.A.'S COMPLAINT FOR
BREACH OF LOAN AGREEMENT, ENFORCEMENT OF GUARANTY
AND CLAIM AND DELIVERY**

Plaintiff, **Bank of America, N.A.**, by and through its attorneys, PLUNKETT COONEY, and for its Complaint for Breach of Loan Agreement, Enforcement of Guaranty and Claim and Delivery states:

## COMMON ALLEGATIONS

## THE PARTIES

1. Plaintiff **Bank of America, N.A.** ("BOA"), is a national banking association, a citizen of North Carolina, and maintains its principal offices at 100 North Tryon Street, Charlotte, North Carolina.

2. Defendant **Dino Expedition, LLC** ("Dino" or "Borrower") is a Michigan limited liability company, a citizen of Michigan, and maintains its principal offices at 6050 Greenfield Road, Suite 200, Dearborn, Michigan 48126. Its resident agent is Wassim Issa with a registered agent address of 6050 Greenfield Road, Suite 200, Dearborn, Michigan 48126. Upon information and belief, Defendant Wassim Issa is the sole member of Dino.

3. Defendant **Wassim Issa** ("Issa") is a Michigan citizen residing at 5459 Middlesex St., Dearborn, Michigan 48126. Dino and Issa are collectively referred to as the "Defendants".

4. Defendant **American Express National Bank** ("American Express") is a national bank, a citizen of Utah, and maintains its principal offices at 115 W. Towne Ridge Pkwy., Sandy, UT 84070. American Express is

2

a Defendant in this action due to its filing of a UCC1 Financing Statement on May 31, 2019 (Filing No. 20190531000368-8) under which it may claim an interest in some of the personal property that is the subject of this action (the "American Express UCC").

5.  Defendant **U.S. Small Business Administration** (the "SBA") is a United States governmental agency that provides loans to small businesses. The SBA is a Defendant in this action due to its filing of a UCC1 Financing Statement on May 30, 2020 (Filing No. 20200530000323-2) under which it may claim an interest in some of the personal property that is the subject of this action (the "SBA UCC"). American Express and the SBA are collectively referred to as the "Junior Creditors".

## JURISDICTION AND VENUE

6.  Jurisdiction over this matter properly rests within this Honorable Court pursuant to 28 U.S.C. §1332(a)(1). The amount in controversy is in excess of $75,000.00, exclusive of interest and costs, and complete diversity exists.

7.  Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1) and (2). Both Defendants are residents of Wayne County, Michigan and a substantial part of the events or omissions giving rise to the claims in this case occurred in Wayne County, Michigan.

## THE LOAN DOCUMENTS AND BACKGROUND

8. Borrower and BOA entered into a Loan Agreement dated May 24, 2019, under which BOA made available to Borrower a line of credit in the original principal amount of $140,000.00 (the "Loan Agreement"). The Loan Agreement is attached as **Exhibit A**.

9. Repayment of the Indebtedness (defined below) owing under the Loan Agreement is secured by a Security Agreement dated May 24, 2019 (the "Security Agreement"), executed by Dino and granting BOA a first-priority security interest and lien against all of Dino's personal property, including but not limited to, all of its accounts, contract rights, chattel paper, instruments, deposit accounts, letter of credit rights, general intangibles, inventory, machinery, furniture, fixtures, equipment, deposit accounts, documents, investment property, patents, trademarks, service marks, and negotiable documents (collectively, the "Personal Property"). The Security Agreement is attached as **Exhibit B**.

10. Repayment of the Indebtedness was also secured by a Mortgage dated May 24, 2019 (the "Mortgage"), executed by Dino in favor of BOA, and covering 19224 Van Born Rd., Dearborn Heights, Michigan 48125 (the "Property"). The Mortgage is attached as **Exhibit C**.

4

11. Repayment of the Indebtedness is guaranteed by Issa, who executed a Continuing and Unconditional Guaranty dated May 24, 2019 (the "Guaranty"). The Guaranty is attached hereto as **Exhibit D**.

12. The Loan Agreement, Security Agreement, Mortgage and Guaranty, together with all other loan documents executed in connection with the loans made available to Borrower, are collectively referred to as the "Loan Documents".

## THE DEFAULTS

13. Borrower has failed to comply with the terms of the Loan Documents and is in default because it sold 19224 Van Born to a company called 19224 Van Born, LLC, without the Bank's consent and in breach of the Loan Documents (the "Default").

14. Due to the Default, on August 7, 2024, BOA sent the Defendants a Notice of Default and Demand for Payment in Full notifying them of the Default and demanding payment in full. The August 7, 2024 Notice of Default is attached as **Exhibit E**.

15. Defendants have failed to pay the Indebtedness as demanded.

16. The unpaid balance of Defendants' obligations to BOA under the Loan Documents, as of **September 23, 2024**, is as follows (the "Indebtedness"):

5

| | |
|---|---:|
| Principal | $89,182.47 |
| Interest | 393.78 |
| Default Interest | 500.46 |
| Late Charges | <u>84.98</u> |
| **Total** | **$90,161.70** |

plus interest and default interest of $25.53 per day, expenses, and costs, including attorneys' fees and costs.

17. By reason of the foregoing Default, BOA has employed the services of undersigned counsel to attempt to effect collection of the Indebtedness due BOA under the Loan Documents, to protect its security under the Loan Documents, and to institute and prosecute this action, and for such employment, BOA has agreed and become obligated to pay its counsel's attorneys' fees and expenses. Pursuant to the terms of the Loan Documents, Defendants are obligated to reimburse BOA for such attorneys' fees and expenses, together with interest thereon, which obligations are secured by the Loan Documents.

18. As a result of the foregoing Default, BOA may expend during the pendency of this action certain necessary costs, charges, and expenses of suit, including, without limitation, UCC searches, appraisals, third-party reports and audits, auction fees and expenses, and expenses. Pursuant to the terms of the Loan Documents, Defendants are obligated to reimburse BOA for all such

costs, charges and expenses, which obligations are secured by the Loan Documents.

19. All conditions precedent to the maintenance of this action have occurred or have been waived.

## COUNT I

### (Breach of Loan Agreement - Borrower)

20. BOA incorporates the allegations set forth in Paragraph 1 through 19 above by reference, with the same force and effect as if fully repeated.

21. As set forth above, Borrower is in default under the Loan Agreement and due to such Default, BOA has demanded payment of the Indebtedness in full.

22. BOA is entitled to recover all principal and interest outstanding under the Loan Agreement, together with all of BOA's costs and attorneys' fees incurred while collecting same.

23. Borrower has failed, neglected, and refused to repay the Indebtedness under the Loan Agreement, despite demand having been made by BOA.

24. As of September 23, 2024, Borrower's Indebtedness under the Loan Agreement totals **$90,161.70**, plus interest, default interest, costs, and attorneys' fees.

WHEREFORE, Bank of America, N.A. prays that this Honorable Court enter judgment in its favor and against Dino Expedition, LLC, in the sum of **$90,161.70**, together with its costs, reasonable attorneys' fees, and interest.

## COUNT II

### (Enforcement of Guaranty – Wassim Issa)

25. BOA incorporates the allegations set forth in Paragraphs 1 through 24 above, with the same force and effect as if fully repeated.

26. Pursuant to the Guaranty, Issa, among other things, guaranteed payment of the Indebtedness owed to BOA arising under the Loan Agreement, including attorneys' fees and costs. *See* **Exhibit D**.

27. Issa executed the Guaranty in consideration for and to induce BOA to enter into a lending relationship with Borrower, including future loans and advances made in reliance upon the Guaranty.

28. The Guaranty is an unconditional and absolute guaranty of payment, and not of collection.

29. Pursuant to the Guaranty, Issa is liable to BOA in the amount of **$90,161.70** as of September 23, 2024, plus interest, default interest, costs, expenses, and attorneys' fees.

WHEREFORE, Bank of America, N.A. prays that this Honorable Court enter judgment in its favor and against Defendant Wassim Issa in the sum of **$90,161.70**, together with its costs, reasonable attorneys' fees, and interest.

## COUNT III

### (Claim and Delivery – Defendants)

30. BOA incorporates the allegations set forth in Paragraph 1 through 29 above by reference, with the same force and effect as if fully repeated.

31. To secure repayment of Borrowers' Indebtedness owing to BOA, Defendant executed a Security Agreement attached as **Exhibit B**.

32. BOA filed a UCC1 Financing Statement against Dino on May 29, 2019 (File No. 20190529001115-0) perfecting its lien and security interest in the Personal Property. A copy of the UCC1 Financing Statement filed against Dino is attached as **Exhibit F**.

33. BOA's liens and security interests encumber all of Dino's personal property, including the Personal Property.

34. BOA's liens and security interests in the Personal Property are superior to any other lien or security interest in the Personal Property, including those of the Junior Creditors. The UCC1 financing statements filed by the Junior Creditors are attached as collective **Exhibit G**.

35. Upon information and belief, the Personal Property may be currently stored and utilized by Defendants at 5459 Middlesex St., Dearborn, Michigan.

36. Pursuant to the terms of the Security Agreement, BOA is entitled to possession of the Personal Property following default.  *See* Sections 6(h), (i) and (n) of the Security Agreement attached as **Exhibit B**.

37. Pursuant to the terms of the Security Agreement, BOA is entitled to collect the Personal Property and sell it following default.   *See* Sections 6(e), (f), (h), (i) and (n) of the Security Agreement attached as **Exhibit B**.

38. The Personal Property consists of independent pieces of property. For the purpose of determining the amount of any bond required by this Honorable Court pursuant to MCR 3.105(C)(2) only, BOA estimates the fair market value of the Personal Property is $5,000.00.

39. Pursuant to the terms of the Security Agreement, BOA is entitled to recover from Defendants all costs, expenses and reasonable attorneys' fees incurred in locating and obtaining possession of the Personal Property.

WHEREFORE, Bank of America, N.A. prays that this Honorable Court:

A. Issue an Order requiring Defendants, their representatives, agents and assigns, to show cause why this Honorable Court should not order the Personal Property to be delivered to it forthwith, in accordance with MCR 3.105(E)(4);

B.    Order and adjudge that Defendants, their representatives, agents and assigns, immediately deliver an inventory of the Personal Property to BOA, describing same by item, type and location, or permitting BOA and/or its authorized independent contractors to perform same forthwith;

C.    Order and adjudge that Defendants, their representatives, agents and assigns, deliver the Personal Property to BOA, or that BOA be permitted to seize same, pursuant to MCR 3.105(E)(4)(c);

D.    Order and adjudge BOA be authorized to dispose of the Personal Property pursuant to the Loan Documents, the Security Agreements and MCLA §440.9610, free and clear of all liens, including those of the Junior Creditors;

E.    Enter judgment in favor of BOA and against Defendants for any deficiency that may exist after the disposition of the Personal Property pursuant to Paragraph D above, together with costs, reasonable attorneys' fees; and,

F.    Grant BOA any other relief as this Honorable Court shall deem just and appropriate.

Respectfully submitted,

PLUNKETT COONEY

Dated:  October 2, 2024     By: */s/ Peter D. Cronk*
                                         Peter D. Cronk (P60172)
                                         Matthew J. Boettcher (P40929)
                                         Attorneys for Bank of America, N.A.
                                         101 N. Washington Square, Ste. 1200
                                         Lansing, MI 48933
                                         517.324.5611

Open.10604.41859.35073048-1